UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Wayne F. Bell

    v.                        Civil No. 09-cv-135-SM

James O'Mara, Superintendent,
Hillsborough County House of
Corrections

**O R D E R**

Before the Court is Bell's pleading, entitled Petition for Habeas Corpus, which also includes a request for preliminary injunctive relief (document no. 1). The petition is before me for preliminary review to determine whether or not the claims raised in the petition are facially valid and may proceed. See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules"); see also United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing magistrate judge to preliminarily review pro se prisoner filings pursuant to 28 U.S.C. § 1915A).

Standard of Review

Under this Court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review. LR

4.3(d)(2).  In conducting the preliminary review, the Court construes pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, 551 U.S. 89, ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  See Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims); Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). All of the factual assertions made by a pro se plaintiff and inferences reasonably drawn therefrom must be accepted as true. See id.  This review ensures that pro se pleadings are given fair and meaningful consideration.

## Background

Wayne Bell alleges that he is a pretrial detainee at the Hillsborough County House of Corrections ("HCHC").  Bell claims that when Judge James O'Neill of the New Hampshire Superior Court

issued the order committing him to the custody of the HCHC, he included in that order a directive that HCHC Superintendent James O'Mara require medical personnel to immediately administer all of the prescription medications that Bell was taking that were, at that time, active and refillable.  Despite Judge O'Neill's order, HCHC staff refused to provide Bell with his prescribed, active, and refillable medications.  Bell claims that on September 15, 2008, several months after Judge O'Neill issued the order directing the HCHC to provide him with his medications, Judge O'Neil vacated the Order.  At that time, Bell had not received any of his prescribed medications during his stay at the HCHC.

   Bell states that, as a result of not getting the medications prescribed for him, he has suffered from chronic pain, sleep deprivation, anxiety, irregular blood pressure, muscle spasms, and severe headaches.  Further, Bell claims that he requires emergency care for pain in his cervical discs, ringing in his ears, and a painful hernia, but that the HCHC refuses to bring him to the hospital to receive necessary emergency medical attention.

Discussion

A civil rights action is the proper means to challenge the conditions of confinement, see White v. Gittens, 121 F.3d 803, 807 n.3 (1st Cir. 1997), whereas a federal habeas petition is the appropriate means to challenge the actual fact or duration of confinement.  See Heck v. Humphrey, 512 U.S. 477, 481 (1994). Although this petition was filed seeking habeas corpus relief, it appears that Bell is challenging the conditions, rather than the fact, of his confinement.  Habeas corpus relief is not available for such a challenge if the challenge is unrelated to the fact or length of the prisoner's custody.  See Wolff v. McDonnell, 418 U.S. 539, 554 (1974); Preiser v. Rodriguez, 411 U.S. 475, 489-99 (1973).

Consistent with this general rule, I find that Bell's claims challenging the adequacy of the medical care at the HCHC are appropriately considered as civil rights claims under 42 U.S.C. § 1983.  None of the claims raised in this petition would support a habeas corpus action as they do not challenge the fact or duration of confinement.

<u>Conclusion</u>

I direct that the Clerk's Office redocket this case as a § 1983 civil rights action. Plaintiff is ordered to pay a filing fee in the amount of $350 or a motion requesting permission to proceed in forma pauperis. <u>See</u> 28 U.S.C. § 1915. The Clerk's Office is ordered to forward to plaintiff in forma pauperis paperwork. The $5.00 fee already received will be credited toward the $350.00 filing fee.

In the meantime, I direct the Clerk's Office to immediately schedule a hearing for the soonest practicable date, on plaintiff's request for preliminary injunctive relief. The Clerk's Office should forward a copy of the complaint in this matter (document no. 1) and this Order to defendant O'Mara. The Court directs that O'Mara appear personally at the preliminary injunction hearing, and that he bring all of Bell's medical records, and other relevant inmate records regarding Bell, to the hearing.

**SO ORDERED.**

_James R. Muirhead_
James R. Muirhead
United States Magistrate Judge

Date:   May 18, 2009

cc:     Wayne F. Bell, *pro se*