UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Wayne F. Bell

    v.                                    Civil No. 09-cv-135-SM

James O'Mara, Superintendent,
Hillsborough County House of
Corrections

**O R D E R**

Before the Court is Wayne Bell's complaint (document no. 1), alleging that he has been denied constitutionally adequate medical care during his incarceration at the Hillsborough County House of Corrections ("HCHC"). The matter is before me for preliminary review to determine, among other things, whether or not he has stated any claim upon which relief might be granted. See 28 U.S.C. § 1915A(a); United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2).

Standard of Review

Under LR 4.3(d)(2), when an incarcerated plaintiff or petitioner commences an action pro se and in forma pauperis, the magistrate judge conducts a preliminary review. In a preliminary review, pro se pleadings are construed liberally, however

inartfully pleaded. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals). The court must accept as true the plaintiff's factual assertions, see Erickson, 551 U.S. at 94, and any inferences reasonably drawn therefrom. See Centro Medico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 5-6 (1st Cir. 2005); Ayala Serrano v. Lebron Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990). This review ensures that pro se pleadings are given fair and meaningful consideration. Applying this standard, I find the facts as follows.

## Background

Bell has been incarcerated at the HCHC since May 2008. At the time he was sentenced, New Hampshire Superior Court Judge

James O'Neill directed the HCHC administration to insure that they would immediately provide Bell with prescribed medications he was already taking, and for which he had active and refillable prescriptions.  At the time, Bell was taking pain relievers and a muscle relaxant to treat chronic pain, as well as medication for anxiety and high blood pressure.  Bell further states that he has been denied needed appropriate medical care, diagnostic testing, and treatment for both an abdominal hernia and severe pain.

Bell claims that the HCHC administration and medical department, by virtue of Judge O'Neill's order, subsequent state court hearings, Bell's repeated requests and grievances, and his medical records, are aware of his serious medical needs, and are intentionally depriving him of his previously prescribed medication and other medical treatment.  As a result, he claims he has suffered from chronic and severe pain, anxiety, irregular blood pressure, sleep deprivation, muscle spasms, and worsening of his medical conditions.

## Discussion

I. <u>Section 1983</u>

Section 1983 creates a cause of action against those who, acting under color of state law, violate federal constitutional

or statutory law.  See 42 U.S.C. § 1983[1]; Parratt v. Taylor, 451 U.S. 527, 535 (1981) (overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 330-331 (1986)); Wilson v. Town of Mendon, 294 F.3d 1, 6 (1st Cir. 2002).  In order for a defendant to be held liable under § 1983, his or her conduct must have caused the alleged constitutional or statutory deprivation.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 692 (1978); Soto v. Flores, 103 F.3d 1056, 1061-62 (1st Cir. 1997).  Because Bell's claims allege violations of federal constitutional law effected by state actors, his suit arises under § 1983.

II.  Inadequate Medical Care Claim

The Eighth Amendment protects prison inmates from prison officials acting with deliberate indifference to their serious medical needs.  See Farmer v. Brennan, 511 U.S. 825, 831 (1994). To assert a viable cause of action for inadequate medical care, a

---

[1] 42 U.S.C. § 1983 provides that:

> Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

4

prisoner must first state facts sufficient to allege that he has not been provided with adequate care for a serious medical need. Id.; Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Estelle, 429 U.S. at 106.  The inmate must then allege that a responsible prison official was aware of the need or the facts from which the need could be inferred, and still failed to provide treatment. Estelle, 429 U.S. at 106.  A serious medical need is one that involves a substantial risk of serious harm if it is not adequately treated.  See Barrett v. Coplan, 292 F. Supp. 2d 281, 285 (D.N.H. 2003); Kosilek v. Maloney, 221 F. Supp. 2d 156, 180 (D. Mass. 2002) (citing Farmer, 511 U.S. at 835-47); see also Gaudreault v. Municipality of Salem, 923 F.2d 203, 208 (1st Cir. 1990) (defining a serious medical need as one "that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention") (internal citations omitted).

"[A]dequate medical care" is treatment by qualified medical personnel who provide services that are of a quality acceptable when measured by prudent professional standards in the community, tailored to an inmate's particular medical needs, and that are

based on medical considerations. <u>United States v. DeCologero</u>, 821 F.2d 39, 42-43 (1st Cir. 1987). This does not mean that an inmate is entitled to the care of his or her choice, simply that the care must meet minimal standards of adequacy. <u>See</u> <u>Feeney v. Corr. Med. Servs., Inc.</u>, 464 F.3d 158, 162 (1st Cir. 2006) ("When a plaintiff's allegations simply reflect a disagreement on the appropriate course of treatment, such a dispute with an exercise of professional judgment may present a colorable claim of negligence, but it falls short of alleging a constitutional violation.") (internal citations omitted).

Deliberate indifference may be found where the medical care provided is "so clearly inadequate as to amount to a refusal to provide essential care." <u>Torraco v. Maloney</u>, 923 F.2d 231, 234 (1st Cir. 1991). Constraints inherent in a prison setting may affect the choice of care provided, and may be relevant to whether or not prison officials provided inadequate care with a deliberately indifferent mental state. <u>See</u> <u>Wilson v. Seiter</u>, 501 U.S. 294, 302 (1991).

Bell alleges that since he arrived at the HCHC, medical personnel have been aware of his need for medications and treatment for serious health conditions, including high blood

6

pressure and chronic pain resulting from degenerative disk disease and other medical conditions.  HCHC medical and administrative personnel were also aware that Bell had active and refillable prescriptions from his non-prison doctor for a number of medications.  Despite this knowledge, they failed to provide him with adequate, or at times, any medication to manage his physical pain and other medical problems.  Further, Bell complains that during his time at HCHC, he has never received any surgical evaluation for his disk condition or for his abdominal hernia, despite what he believes is the medical necessity of surgical intervention to improve these conditions.

It may well be that discovery reveals that what Bell alleges amounts to more than a disagreement in the proper course of treatment which falls short of an Eighth Amendment violation.  See Feeney, 464 F.3d at 162 (inmate not entitled to care of his choice, only care that meets minimal standards of adequacy).  At this very preliminary stage of review, however, I have, as I am obligated to do, generously construed Bell's claims and find that he has stated the minium facts necessary to state a claim of inadequate medical care against current and former HCHC medical

7

personnel, as well as against the HCHC administration, upon which relief might be granted.

III. Defendants

    A.    James O'Mara

Because this matter was initially filed as a petition for a writ of habeas corpus, Bell named only James O'Mara, the HCHC Superintendent, as a defendant to this action. I find that O'Mara is a proper defendant, as Bell has notified O'Mara, through the administative grievance process at the HCHC, of his complaints regarding his medical care at the jail. Further, O'Mara is the individual responsible for seeing that court orders, including those directing the HCHC to provide Bell with medication, are carried out. I will therefore direct that this action proceed against O'Mara.

    B.    Doctors Charles Ward and Christopher Braga

During Bell's period of incarceration at the HCHC, the jail's Medical Department was first headed by Dr. Charles Ward, who left the HCHC in October or November 2008, and Dr. Christopher Braga, who has been the director of the HCHC Medical Department since November 2008. During the directorships of both doctors, Bell complains he was denied adequate medical care. The

HCHC Medical Director bears primary responsibility for the care of inmates in HCHC custody.  Bell's allegations are fairly understood to claim that he was denied adequate medical treatment by both Ward and Braga.  Accordingly, I will allow this action to proceed against both Ward and Braga.  Should Bell feel that any other member of the HCHC medical staff was responsible for denying him adequate medical care, he must properly move to amend his complaint to include those defendants by name, indicating what action was taken by each defendant that denied Bell constitutionally adequate medical care.

## Conclusion

For the foregoing reasons, I find that Bell has alleged sufficient facts to assert Eighth Amendment inadequate medical care claims against defendants O'Mara, Ward, and Braga.  My review of the file indicates that Bell has not yet prepared summons forms for the defendants.  The Clerk's Office is directed to forward to Bell a blank summons form for each defendant.  Bell is directed to complete a separate summons form for each defendant[2] and return the completed forms to the Clerk's Office

---

[2] Defendants O'Mara and Braga can be served at the HCHC.  Dr. Charles Ward can be served at 43 North Fruit Street, Concord, New Hampshire, 03301.

9

within thirty days of the date of this Order.  The Clerk's office shall then issue the summonses against the defendants and forward to the United States Marshal for the District of New Hampshire (the "U.S. Marshal's office"): (1) the summonses and copies of the complaint (document no. 1); (2) my Order directing that Bell's pleading be treated as a civil rights complaint filed pursuant to 42 U.S.C. § 1983 (document no. 4); (3) the Report and Recommendation issued this date recommending denial of Bell's request for preliminary injunction; and (4) this Order.  Upon receipt of the necessary documentation, the U.S. Marshal's office shall effect service upon the defendants.  See Fed. R. Civ. P. 4(c)(2).

   The defendants are instructed to answer or otherwise plead within twenty days of service.  See Fed. R. Civ. P. 12(a)(1)(A).

   Bell is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on

the defendants by delivering or mailing the materials to them or their attorney(s), pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:     June 9, 2009

cc:       Wayne F. Bell, pro se