UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Wayne F. Bell,
    Plaintiff

    v.                                         Civil No. 09-cv-135-SM
                                            Opinion No. 2010 DNH 006
James M. O'Mara, Jr.,
Superintendent, Hillsborough
County Department of Corrections;
Charles Ward, MD; and
Christopher Braga, MD,
    Defendants


**O R D E R**

Pro se plaintiff Wayne Bell claims that he was denied constitutionally adequate medical care while incarcerated in the Hillsborough County House of Corrections. 42 U.S.C. § 1983. Before the court is Defendant James O'Mara's motion for summary judgement, in which defendants Ward and Braga join.[1] While Bell was reminded by the court of the need to respond to O'Mara's motion, the motion remains unopposed. For the reasons given, defendants' motion for summary judgment is granted.

**Summary Judgment Standard**

A summary judgment motion should be granted when the record reveals "no genuine issue as to any material fact and . . . the

---

[1] Dr. Braga filed a notice of joinder, while Dr. Ward filed a motion for joinder. To the extent that anything more than a notice of joinder is necessary, Dr. Ward's motion is granted.

moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "The object of summary judgment is to 'pierce the boilerplate of the pleadings and assay the parties' proof in order to determine whether trial is actually required.' " Dávila v. Corporación de P.R. para la Diffusión Pública, 498 F.3d 9, 12 (1st Cir. 2007) (quoting Acosta v. Ames Dep't Stores, Inc., 386 F.3d 5, 7 (1st Cir. 2004)).  When ruling on a party's motion for summary judgment, a trial court "constru[es] the record in the light most favorable to the nonmovant and resolv[es] all reasonable inferences in [that] party's favor." Meuser v. Fed. Express Corp., 564 F.3d 507, 515 (1st Cir. 2009) citing Rochester Ford Sales, Inc. v. Ford Motor Co., 287 F.3d 32, 38 (1st Cir. 2002)).

**Background**

Wayne Bell was incarcerated in the Hillsborough County House of Corrections ("HOC") from May of 2008 through September of 2009.  Defendant O'Mara is the Superintendent of the Hillsborough County Department of Corrections.  From May through November of 2008, Dr. Charles Ward was the HOC's Medical Director.  He was succeeded in that position by Dr. Christopher Braga.

Bell filed five petitions for writs of habeas corpus in the New Hampshire Superior Court between June 8, 2008, and June 18,

2009, all of which were denied. In his first petition he asked the court to make the following orders:

>    1. To order Valley St. Jail/A.K.A. H.C. D.O.C. to give me medication I have been prescribed by a physician for years.
>
>    2. Make an order to audit the operations of the medical staff so the court can make an assessment as to what needs to be revamped so this type of deliberate indifference doesn't continue to happen.

(Def.'s Mot. Summ. J., O'Mara Aff., Ex. A, at 1.) He also listed the following reasons why the court should issue the orders he requested:

>    1. It is a violation of due process to neglect detainees purposely, for their medical needs.
>
>    2. Dr. Ward has proven in his past, deliberate indifference and must not be allowed to continue his ineptitude.
>
>    3. It is cruel and unusual to make a man suffer without his medication. Sleep deprived, anxiety attacks . . .

(Id.) The Superior Court construed Bell's habeas petition as raising a claim of cruel and unusual punishment, based on Bell's allegations of deliberate indifference to his medical needs. (Id. at 5.) The court denied relief, on substantive grounds, in orders dated June 18 and September 19, 2008. (Id. at 2-6.) In his second state habeas petition, which was denied in a margin order that referred to the two orders on his previous petition, Bell also complained of a lack of medications, which he

characterized as an Eighth Amendment violation. (See id., Ex. B, at 2.) In his third state habeas petition, Bell claimed:

> C.) Petitioner states Hillsborough County Correctional Facility refuses to admit petitioner to hospital to have proper xrays done on sever[ely] damaged cervical disks and a hernia, that is causing extreme pain.
>
> D.) Petitioner also states it is cruel and unusual to make a man suffer from c[h]ronic pain, sleep deprivation, anxiety, and sever[e] headaches.
>
> E.) Eighth amendment states [that it] is a violation of due process to neglect [detainees] for, their medical needs.
>
> F.) Petitioner states this is a clear case of deliberate indifference.

(Id., Ex. C, at 1 (citations omitted).) In response to Bell's third petition, the trial court wrote:

> Motion denied. The petitioner has set forth no basis for relief on the grounds of a violation of any liberty interest. To the extent he seeks medical care, he has failed to set forth any basis for the relief requested. The House of [C]orrections is able to provide necessary medical care to its inmates.

(Id., Ex. C, at 3.)

In his fourth petition, Bell claimed: "HCHC refuses to admit petitioner to hospital to have x-rays on cervical disks from degenerative disk disease that is causing extreme pain, [muscle] spasms and ringing in ears. Also a painful hernia possibly caused by struggling to get out of bed." (Id., Ex. D., at 2.)

4

Bell's fifth state habeas petition also complained, in constitutional terms, about a lack of proper medication and defendant's failure to have him admitted to the hospital for x-rays.  (See id., Ex. E, at 6.)  As noted, all five of Bell's state habeas petitions were denied, and none is under appellate review.  Thus, each petition has been fully adjudicated.

Bell also filed a petition for habeas relief in this court, which was construed by the magistrate judge as a claim under 42 U.S.C. § 1983.  He makes the following claims:

    C.)    Petitioner states Hillsborough County Correctional Facility [refuses] to administer, [p]rescription medication from family physicians.  Violation of eighth amendment.

    D.)    Petitioner states Honorable Judge James O'Neil III made orders that James O'Mara have, the medical staff immediately administer all medications that [are] active and refillable.  Docket # 08-E-0202.

    E.)    Petitioner states the Hillsborough County [C]orrectional Facility did not follow the, Superior Judge James O'Neil's orders, [t]hree months later still no medications, [a] new, hearing was conducted and Judge James O'Neil vacates the said orders September 15, 2008.

    F.)    Petitioner states violation of eighth amendment it is cruel and unusual punishment to, make a man suffer from chronic pain, sleeping deprivation, anxiety, irregular blood pressure, muscle [spasms] and severe headaches.

    G.)    Petitioner states Hillsborough County Correctional Facility refuses to admit petitioner, to the emergency room (Elliot [H]ospital).  Petitioner states severe pain in cervical disks, ringing in ears and a hernia that is causing additional pain.

> H.) Petitioner states violation of eighth amendment of due process to neglect [detainees], purposely for their medical needs.

(Compl.).

## Discussion

O'Mara moves for summary judgment on grounds of res judicata and collateral estoppel. He argues that all of Bell's claims are barred, because they have been fully litigated in the New Hampshire state courts. O'Mara is correct.

"Under federal law, a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was entered." Sutliffe v. Epping Sch. Dist., 584 F.3d 314, 326 (1st Cir. 2009) (quoting Torromeo v. Town of Fremont, 438 F.3d 113, 115-16 (1st Cir. 2006) (internal quotation marks omitted). In New Hampshire, collateral estoppel "bars a party to a prior action . . . from relitigating any issue or fact actually litigated and determined in the prior action." In re Zachary G., 159 N.H. 146, 151 (2009) (quoting Cook v. Sullivan, 149 N.H. 774, 778 (2003)). For collateral estoppel to arise, three basic conditions must be satisfied: "the issue subject to estoppel must be identical in each action, the first action must have resolved the issue finally on the merits, and the party to be estopped

6

must have appeared as a party in the first action . . . ."  Id. (quotation omitted).  Those three "conditions must be understood, in turn, as particular elements of the more general requirement, that a party against whom estoppel is pleaded must have had a full and fair prior opportunity to litigate the issue or fact in question."  Cook, 149 N.H. at 778 (quoting Gephart v. Daigneault, 137 N.H. 166, 172 (1993)).  Here, Bell's claims are barred by collateral estoppel, and because that is enough to entitle defendants to summary judgment, it is unnecessary to determine whether res judicata would also apply.[2]

The three elements of collateral estoppel have all been met. Bell's five state habeas petitions and his complaint in this case raised the same legal issue: whether Bell was subjected to unconstitutional conditions of confinement in the form of deliberate indifference to serious medical needs.  Moreover, all of Bell's state habeas petitions alleged a denial of necessary medication, and several of them alleged that he was denied access to hospital x-ray facilities, which comprise the same factual bases for his claims in this case.  Turning to the second

---

[2] Given plaintiff's request for money damages in this case (see Mot. to Amend (document no. 27)), res judicata might well not apply.  See Reed v. McKune, 298 F.3d 946, 951 (10th Cir. 2002) (holding that inmate's prior habeas corpus proceeding had preclusive effect, under collateral estoppel but not res judicata, on subsequent claims for money damages in section 1983 action).

7

element, Bell's issues have been resolved finally and on the merits in several of his state habeas proceedings.  (See O'Mara Aff., Ex. A, at 2-3; Ex. C, at 3.)  And, plainly, Bell appeared as a party in those previous actions.  In short, Bell has had a full and fair prior opportunity to litigate both the legal claims and factual matters raised in this case.  Accordingly, he is estopped from litigating those issues yet again in this court.  See Zachary G., 159 N.H. at 151.

## Conclusion

For the reasons given, defendant's motion for summary judgment (document no. 59) is granted, as is defendant Ward's motion for joinder (document no. 61).  The clerk of the court shall enter judgment in accordance with this order and close the case.


**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

January 11, 2010

cc:   Wayne F. Bell, pro se
      Carolyn M. Kirby, Esq.
      John A. Curran, Esq.
      Elizabeth L. Hurley, Esq.
      Jonathan A. Lax, Esq.
      Todd J. Hathaway, Esq.